# EXHIBIT F

Electronically FILED by Superior Court of California, County of Los Angeles on 11/05/2019 04:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Yanez,Deputy Clerk

Michele Ballard Miller (SBN 104198)
  mbmiller@cozen.com
Nicole Herter Perkin (SBN 255152)
  nperkin@cozen.com
COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401
Telephone: (310) 393-4000
Facsimile:  (310) 394-4700

Attorneys for Defendant
G/O MEDIA, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| NADINE JARRARD, an individual,<br><br>             Plaintiff,<br><br>v.<br><br>G/O MEDIA, INC. a Corporation; and DOES 1-50, inclusive,<br><br>             Defendants. | Case No.: 19STCV32942<br><br>ASSIGNED FOR ALL PURPOSES TO JUDGE YOLANDA OROZCO – Dept. 31<br><br>**DEFENDANT G/O MEDIA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint filed:  September 16, 2019<br>FAC filed:           October 18, 2019 |

Defendant G/O Media, Inc. ("Defendant"), hereby answers Plaintiff Nadine Jarrard's ("Plaintiff") First Amended Complaint as follows:

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally denies each and every material allegation contained in Plaintiff's First Amended Complaint, and further denies that any damage, whether in the character or amount set forth in the First Amended Complaint, or in any sum, or at all, has been caused by reason of any act or omission on the part of Defendant. Defendant further denies that it is liable to Plaintiff under any theory, including, without limitation, the theories of liability asserted in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendant alleges the affirmative defenses set forth herein as to each and every cause of action and claim for relief asserted in the First Amended Complaint unless specified otherwise. By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden belongs to Plaintiff.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff's First Amended Complaint, and/or each purported cause of action therein, fails to allege facts sufficient to state a claim upon which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff has failed to comply with applicable procedural and administrative prerequisites, including the exhaustion of her administrative remedies with State and/or Federal agencies, including but not limited to the Equal Employment Opportunity Commission ("EEOC") or California Department of Fair Employment and Housing ("DFEH"), the exhaustion of which is a condition precedent to the maintenance of this action. The Court lacks jurisdiction over any claims which are not contained in a timely administrative charge filed by Plaintiff. *Okoli v. Lockheed Technical Operations Co.*, 36 Cal. App. 4th 1607, 1613 (1995). Further, any and all claims or alleged conduct that occurred prior to one year before the filing of any such administrative charge are time barred as a matter of law.

## THIRD AFFIRMATIVE DEFENSE

### (Exhaustion of Internal Remedies)

As a separate and affirmative defense to each cause of action in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to exhaust available administrative remedies pursuant to Defendant's established internal policies and procedures.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff's claims are barred by the applicable statutes of limitations including, but not limited to, those limitations set forth in California Code of Civil Procedure sections 335.1, 337, 338, 339; California Government

Code sections 12960 and 12965, and California Labor Code sections 1197.5(i) and 203(b) (as well as any other statutes that might include applicable time bars).

### FIFTH AFFIRMATIVE DEFENSE
### (Waiver and Estoppel)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff, by her acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the First Amended Complaint.

### SIXTH AFFIRMATIVE DEFENSE
### (Laches)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff is barred from any relief by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
### (Doctrine of Unclean Hands)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff is barred from any relief by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### (Consent)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that any recovery on Plaintiff's First Amended Complaint is barred to the extent that Plaintiff consented to any of the activities and/or conduct alleged therein.

## NINTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

As a separate and affirmative defense to each and every cause of action in Plaintiff's First Amended Complaint, Defendant alleges, upon information and belief, that the claims in the First Amended Complaint for physical and/or emotional injury and related injuries allegedly suffered by Plaintiff in relation to her employment, are preempted by the exclusive remedy provisions of the California Workers' Compensation Act, Labor Code §§ 3200, *et seq*. Defendant had workers' compensation insurance or was self-insured for workers' compensation claims at the time of Plaintiff's alleged work-related injuries.

## TENTH AFFIRMATIVE DEFENSE

### (Good Faith / Legitimate Business Reasons)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because, all actions and conduct by Defendant about which Plaintiff complains would have been made or taken regardless of any wrongful conduct alleged, and were made without oppression, fraud or malice, and in good faith for just, fair, privileged, justified, non-harassing, non-discriminatory, non-retaliatory and legitimate business reasons, based on all relevant facts and circumstances known by Defendant at the time it acted.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Privileged Conduct)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that any recovery on the First Amended Complaint, or any cause of action, is barred in whole or in part, because Defendant's alleged conduct was privileged, undertaken with a good faith belief that good cause existed for any disputed conduct or actions taken, pursuant to a just and proper

exercise of management discretion, and the disputed conduct was not done without probable cause or in bad faith.

## TWELFTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences/Appropriate Remedial Action)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because Defendant had in place and implemented in good faith, policies, procedures and other measures that were reasonably designed to prevent workplace discrimination, harassment, and retaliation. Plaintiff unreasonably failed to invoke those measures or to take other corrective action regarding any perceived discrimination, harassment, or retaliation, and, to the extent Plaintiff suffered any harm (which Defendant denies), the reasonable use of such policies, procedures, and other measures would have prevented some or all of that harm. Defendant alleges that Plaintiff is barred from any recovery because Defendant took immediate and appropriate corrective action when it became aware of the conduct alleged by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Knowledge)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant is informed and believes and thereon alleges that Plaintiff's claims are barred, in whole or in part, because Defendant had no knowledge that Plaintiff was subject to harassment, discrimination, and/or retaliation as alleged in the First Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No But For Causation)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that if any adverse employment action was taken against Plaintiff, Plaintiff cannot establish that any purported adverse employment action would not have occurred but for any alleged discriminatory or retaliatory motive.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Substantial Motivating Factor)

As a separate and affirmative defense to the second, third, and fourth causes of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that if it is found that its actions were motivated by both discriminatory/retaliatory and nondiscriminatory/nonretaliatory reasons, the nondiscriminatory/nonretaliatory reasons alone would have induced it to make the same decision and, therefore, any improper motive was not a substantial motivating factor in the decision. *Harris v. City of Santa Monica*, 56 Cal. 4th 203 (2013).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Basis of Any Pay Differential)

As a separate and affirmative defense to the first cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that to the extent any difference in Plaintiff's pay exists, such difference was based on a seniority system, a merit system, a system that measures earnings by quantity or quality of production, or a bona fide factor other than sex, and such factor was applied reasonably and that it accounts for the entire difference in wages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

**(Any Pay Differential Not Willful)**

As a separate and affirmative defense to the first cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that, to the extent any difference in Plaintiff's pay exists, such difference was not willful.

### EIGHTEENTH AFFIRMATIVE DEFENSE

**(Conduct Not Unwelcome)**

As a separate and affirmative defense to Plaintiffs' second and third causes of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that any recovery on Plaintiff's First Amended Complaint, or on any purported cause of action alleged therein, is barred to the extent that the alleged wrongful conduct was not unwelcome by Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

**(No Harassment)**

As a separate and affirmative defense to Plaintiff's second and third causes of action, Defendant alleges that Plaintiff's claims are barred, in whole or in part, because any conduct alleged by Plaintiff to be harassing towards her was not sufficiently severe or pervasive to alter the conditions of Plaintiff's employment and create an abusive work environment.

### TWENTIETH AFFIRMATIVE DEFENSE

**(No Protected Activity)**

As a separate and affirmative defense to Plaintiff's third cause of action, Defendant alleges that Plaintiff's claim is barred because Plaintiff did not engage in any protected activity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Statute Of Frauds)**

As a separate and affirmative defense to the eighth cause of action set forth in the First Amended Complaint, Defendant alleges that the claim is barred by the statute of frauds, California Civil Code section 1624.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Failure of Consideration and Excuse of Performance)**

As a separate and affirmative defense to the eighth cause of action in the First Amended Complaint, Defendant alleges, on information and belief, that to the extent a contract did exist between Defendant and Plaintiff, Plaintiff breached express or implied obligations owing to Defendant, and thus excused any alleged required performance by Defendant.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

**(All Duties Performed)**

As a separate and affirmative defense to the eighth cause of action in the First Amended Complaint, Defendant alleges, on information and belief, that to the extent a contract did exist between Defendant and Plaintiff, Defendant duly performed, satisfied, and discharged all duties and obligations that it may have owed to Plaintiff arising out of any and all contracts made by or on behalf of Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Mistake)**

As a separate and affirmative defense to the eighth cause of action in the First Amended Complaint, Defendant alleges, on information and belief, that the claim is barred because of the mutual and/or unilateral mistake of the parties.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Penalties)

As a separate and affirmative defense to the ninth cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff is not entitled to recover any penalty or liquidated damages award under the California Labor Code because at all times relevant herein, Defendant did not willfully fail to comply with the compensation provisions of the California Labor Code, but rather acted in good faith and had reasonable grounds for believing that it did not violate the compensation provisions of the California Labor Code.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

As a separate and affirmative defense to the ninth cause of action asserted in Plaintiff's First Amended Complaint, Plaintiff's claims for civil penalties, including but not limited to, penalties under California Labor Code section 203 would result in an award that is unjust, arbitrary and oppressive and/or confiscatory pursuant to the California Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As a separate and affirmative defense to each and every cause of action set forth in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff's claims are barred, in whole or in part, to the extent Defendant has discovered, or will discover, additional evidence indicating that Plaintiff engaged in conduct before or while Plaintiff was employed by Defendant that precludes or limits her assertion of the claims for relief and/or damages presented in the First Amended Complaint. For example, Defendant may discover misconduct that was sufficiently severe that it would have terminated Plaintiff's employment for that reason alone, had Defendant known of it at the time.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Defendant's Appropriate Corrective Action)

As a separate and affirmative defense to each and every cause of action set forth in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff is barred from any recovery because Defendant took immediate and appropriate corrective action when it became aware of the conduct alleged by Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Intervening and Superseding Acts of Others)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that if, in fact, Plaintiff was damaged in any sum whatsoever, that said damages were a direct and proximate result of the intervening and superseding actions on the part of other parties and not Defendant, and that such intervening and superseding actions on the part of other parties bars recovery herein from Defendant in that Defendant neither authorized, ratified, encouraged nor condoned such actions.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Damages Caused By Others)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff's alleged damages and injuries, if any, resulted in whole or in part from Plaintiff's own contributory fault, acts, omissions, negligence, and/or intentional conduct and/or from the contributory fault, acts, omissions, and/or negligence of other defendants and/or third parties.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Fault)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that Plaintiff's negligence with respect to the matters alleged in the First Amended Complaint proximately caused or contributed to the damages Plaintiff claims herein. Such negligence totally or proportionally offsets any potential recovery by Plaintiff.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

### (No Proximate Cause)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant alleges that if Plaintiff has suffered any physical and/or emotional distress or injury, such physical and/or emotional distress or injury was not proximately caused by the actions of Defendant, or anyone acting on Defendant's behalf.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

As a separate and affirmative defense to each and every cause of action asserted in Plaintiff's First Amended Complaint, Defendant is informed and believes and thereon alleges that Plaintiff has failed to mitigate or attempt to mitigate her damages, if in fact any damages have been or will be sustained, and any recovery by Plaintiff must be diminished by reason thereof.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim – Punitive Damages)

Plaintiff's claim for punitive damages fails to state a claim under California Civil Code section 3294. Defendant did not have advance knowledge of the unfitness of any officer,

director, or managing agent. Defendant did not employ any such person with conscious disregard of the rights and safety of others, nor did it authorize or ratify any wrongful conduct which may be the basis for an award of punitive damages. To the extent any of the wrongful conduct Plaintiff alleges in her First Amended Complaint occurred, these acts were neither performed nor ratified by any of Defendant's managing agents, directors, or officers. *See White v. Ultramar, Inc.* 21 Cal. 4th 563 (1999).

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Plaintiff Not Entitled to Punitive Damages)

Defendant alleges that Plaintiff's claim for punitive damages is barred because, at the time of the alleged acts giving rise to Plaintiff's claim for punitive damages, Defendant had implemented one or more policies that prohibited the alleged acts and/or otherwise made good faith efforts to comply with applicable law.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

Defendant alleges that an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States Constitution and the California Constitution.

### RESERVATION OF RIGHTS

Defendant has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the First Amended Complaint, and, accordingly, reserves the right to amend, modify, revise or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by this action;
2. That the First Amended Complaint be dismissed in its entirety with prejudice, and judgment entered in favor of Defendant;
3. That Defendant be awarded its costs of suit;
4. That Defendant be awarded its attorneys' fees according to proof; and
5. That the Court award Defendant such other and further relief as the Court may deem proper.

Dated: November 5, 2019

COZEN O'CONNOR

By: _____
Michele Ballard Miller
Nicole Herter Perkin
Attorneys for Defendant
G/O MEDIA, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is Wilshire Palisades Building, 1299 Ocean Avenue, Suite 900, Santa Monica, CA 90401-1000.

On November 5, 2019, I served true copies of the following document(s) described as **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** on the interested parties in this action as follows:

**VIA U.S. MAIL**

| | |
|---|---|
| Claire E. Cochran | Plaintiff |
| claire@clairecochranlegal.com | *Nadine Jarrard* |
| Natalie Xifo | |
| **LAW OFFICES OF CLAIRE COCHRAN, PC** | |
| 100 Pine Street, Ste 1250 | |
| San Francisco, CA 94111 | |

Telephone: (415) 580-6019

**BY MAIL**: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Cozen O'Connor for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Santa Monica, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 5, 2019, at Santa Monica, California.

_____
Olivia Jaramillo