# EXHIBIT G

1   Michele Ballard Miller (SBN 104198)
       *mbmiller@cozen.com*
2   Nicole Herter Perkin (SBN 255152)
       *nperkin@cozen.com*
3   COZEN O'CONNOR
    1299 Ocean Avenue, Suite 900
4   Santa Monica, CA 90401
    Telephone: (310) 393-4000
5   Facsimile:  (310) 394-4700
6
7   Attorneys for Defendant
    G/O MEDIA, INC.

8

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      FOR THE COUNTY OF LOS ANGELES

12

| | |
|---|---|
| 13  NADINE JARRARD, an individual, | Case No.: 19STCV32942 |
| 14                  Plaintiff, | ASSIGNED FOR ALL PURPOSES TO JUDGE YOLANDA OROZCO – Dept. 31 |
| 15  v. | **NOTICE TO SUPERIOR COURT AND TO** |
| 16  G/O MEDIA, INC. a Corporation; and | **ADVERSE PARTIES OF REMOVAL OF** |
| 17  DOES 1-50, inclusive, | **ACTION TO FEDERAL COURT** |
| 18                  Defendants. | |
| 19 | Date of first filing:    September 16, 2019 |

20

21

22

23

24

25

26

27

28

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

**TO THE ABOVE-ENTITLED COURT, AND TO PLAINTIFF NADINE JARRARD AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 6, 2019, Defendant G/O Media, Inc. filed in the United State District Court for the Central District of California its Notice of Removal of Action Pursuant to Diversity Jurisdiction Under 28 U.S.C. § 1441(b) (the "Notice of Removal"). A copy of the Notice of Removal is attached hereto as **Exhibit 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1446(d), the filing of said Notice of Removal in the United States District Court for the Central District of California, together with the filing of this Notice to Superior Court and Adverse Party, effects the removal of this action, and that this Court is direct to "proceed no further unless and until the case has been remanded." 28 U.S.C. § 1446(d).

Dated:  November 6, 2019                              COZEN O'CONNOR

By: _____
Michele Ballard Miller
Nicole Herter Perkin
Attorneys for Defendant
G/O MEDIA, INC.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

2

# EXHIBIT 1

Michele Ballard Miller (SBN 104198)
  *mbmiller@cozen.com*
Nicole Herter Perkin (SBN 255152)
  *nperkin@cozen.com*
COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401
Telephone: (310) 393-4000
Facsimile:  (310) 394-4700

Attorneys for Defendant
G/O MEDIA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE JARRARD, an individual, | Case No.: |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO DIVERSITY JURISDICTION UNDER 28 U.S.C. §1441(b)** |
| G/O MEDIA, INC. a Corporation; and DOES 1-50, inclusive, | |
| Defendants. | |

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

1   **TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT**
2   **OF CALIFORNIA AND TO PLAINTIFF NADINE JARRARD AND HER**
3   **ATTORNEYS OF RECORD:**

4

5   **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(b) and
6   1446, Defendant G/O Media, Inc., ("G/O Media" or "Defendant") hereby remove
7   to this Court the State Court action described below.

8                          **I.    INTRODUCTION**
9

10  1.    This Court has original jurisdiction over this lawsuit under 28 U.S.C.
11  § 1332(a) because, when Plaintiff filed both the Complaint and First Amended
12  Complaint and now, complete diversity of citizenship has existed between the
13  parties to this action and the alleged amount in controversy exceeds $75,000.

14                    **II.    THE STATE COURT ACTION**
15

16  2.    On September 16, 2019, Plaintiff Nadine Jarrard ("Plaintiff") filed an
17  unverified complaint against Defendant G/O Media, as well as Great Hill
18  Partners, a Partnership, in the Superior Court of the State of California for the
19  County of Los Angeles, entitled *NADINE JARRARD, an individual, Plaintiff vs.*
20  *G/O MEDIA, INC., a Corporation; GREAT HILL PARTNERS, a Partnership; and*
21  *DOES 1-50, inclusive, Defendants*, Case No. 19STCV32942 (the "Complaint").
22  A true copy of the Complaint is attached hereto as Exhibit A.  The Complaint's
23  caption describes seven causes of action, including:  (1) Violation of Equal Pay
24  Act in Violation of Labor Code section 1197.5; (2) Gender Discrimination in
25  Violation of FEHA; (3) Failure to Prevent Discrimination in Violation of FEHA; (4)
26  Constructive Discharge in Violation of FEHA; (5) Negligent Hiring and Retention;
27  (6) Intentional Infliction of Emotional Distress; and (7) Negligent Infliction of
28  Emotional Stress.  *See* Exhibit A.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

2

3.      On October 18, 2019, Plaintiff filed an unverified First Amended Complaint, only naming Defendant G/O Media as a Defendant, such that the First Amended Complaint is entitled *NADINE JARRARD, an individual, Plaintiff vs. G/O MEDIA, INC., a Corporation; and DOES 1-50, inclusive, Defendants*, Case No. 19STCV32942 (the "First Amended Complaint").  A true copy of the First Amended Complaint is attached hereto as Exhibit B.  The Complaint's caption describes nine causes of action, including:  (1) Violation of Equal Pay Act in Violation of Labor Code section 1197.5; (2) Gender Discrimination in Violation of FEHA; (3) Failure to Prevent Discrimination in Violation of FEHA; (4) Constructive Discharge in Violation of FEHA; (5) Negligent Hiring and Retention; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Stress; (8) Breach of Contract; and (9) Failure to Pay Wages Upon Separation.  *See* Exhibit B.

### III.    TIMELY REMOVAL OF STATE COURT COMPLAINT

4.      On or about October 8, 2019, Plaintiff served Defendant via service on Steve Thompson, Regional Vice President and CT Corporation System, with a copy of the original Summons and Complaint.  *See* Exhibit C.

5.      On or about October 18, 2019, Plaintiff purportedly served G/O Media with a copy of the First Amended Complaint via email service.  *See* Exhibit B.

6.      On or about October 28, 2019, Plaintiff filed a Notice of Errata Regarding Filing Addition of Great Hill Partners, which states that "[o]n September 16, 2019, Plaintiff filed her initial pleading . . . with the addition of an incorrect party.  Specifically, Great Hill Partners was inadvertently listed as a party in the caption and through the Complaint.  On October 18, 2019, Plaintiff filed a First Amended Complaint, which removed all reference to Great Hill Partners as a party."  *See* Exhibit D.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

**NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO DIVERSITY JURISDICTION UNDER 28 U.S.C. §1441(b)**

7.     In accordance with 28 U.S.C. § 1446(a), attached as Exhibit E and incorporated by reference are copies of the documents served on Defendant in the State Court action (except for the Complaint, First Amended Complaint, Proof of Service of Complaint, and Notice of Errata, which are attached as Exhibits A, B, C, and D).

8.     On November 5, 2019, Defendant filed and served its Answer to Plaintiff's First Amended Complaint in state court.  A true and correct copy of the file-stamped version of Defendant's Answer and the proof of service is attached hereto as Exhibit F.

9.     No further proceedings have been had, and thirty (30) or fewer days have elapsed since this action became removable to this Court.  In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.

## IV.   JOINDER

10.     Plaintiff's initial complaint named Great Hill Partners, a Partnership, as a defendant.  Plaintiff then filed a First Amended Complaint, which removed Great Hill Partners as a defendant, and only named G/O Media as a defendant. Plaintiff made this deletion of Great Hill Partners explicit by filing a Notice of Errata with the Los Angeles Superior Court on October 28, 2019, in which Plaintiff stated that Great Hill Partners was an incorrect party, which was "inadvertently listed"  in the initial Complaint.  *See* Exhibit D.

11.     Defendant is not aware of any other defendant, other than the DOE defendants (which are disregarded for removal purposes), being named in this action and is likewise not aware of any other defendant being served.

## V.   DIVERSITY JURISDICTION

12.     The State Court action is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332 based on diversity jurisdiction.  The

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

**NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO DIVERSITY JURISDICTION UNDER 28 U.S.C. §1441(b)**

State Court action is properly removable to this Court in that it is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained below.

**A.    The Parties' Citizenship**

13.    There is complete diversity of citizenship because the operative parties, Plaintiff and Defendant, are citizens of different states.  The only other defendants identified in Plaintiff's First Amended Complaint are fictitious parties identified as "DOES 1 through 50, inclusive".  The citizenship of such defendants is disregarded for purposes of removal.  *See* 28 U.S.C. § 1441(b)(1).

14.    Defendant is informed and believes, and thereon alleges, that as of September 16, 2019, when the initial Complaint was first filed and now, Plaintiff was a citizen and resident of the State of California.  Plaintiff had a Los Angeles, California address during her employment with G/O Media.  *See* Declaration of Kai Falkenberg In Support of Notice of Removal ("Falkenberg Decl.") ¶ 6.) Additionally, both Plaintiff's Complaint and First Amended Complaint allege that Plaintiff "is a resident of Los Angeles, California."  *See* Complaint, attached as Exhibit A, ¶ 1; First Amended Complaint, attached as Exhibit B, ¶ 1.  Residence is *prima facie* evidence of domicile.  *State Farm Mut. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).   For diversity purposes, a person is a "citizen" of the state in which she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).

15.    At the time the initial Complaint was filed and continuing to the present, and at all times relevant to the lawsuit, G/O Media was and is a Delaware corporation with its principal place of business and "nerve center" in New York.  Falkenberg Decl. ¶ 3.  The citizenship of a corporation for purposes of diversity jurisdiction is its state of incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332*; Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. § 1332(c)(1)).   A

Cozen O'Connor
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401

5

corporation's principal place of business refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities, which is typically considered as the corporation's "nerve center." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" for determining corporate citizenship is its "nerve center[,]" which will typically be found at a corporation's headquarters).  Here, G/O Media is headquartered in New York, which is where its Chief Executive Officer, Chief Financial Officer, Chief Technology Officer, and General Counsel are located.  Falkenberg Decl. ¶ 3.  In addition, the following senior leadership positions are also located in New York:  Senior Vice President, E-Commerce, Events and Business Development, Senior Vice President, Marketing, and Senior Vice President, Head of People. Falkenberg Decl. ¶ 3.  G/O Media's senior management team directs and controls the administrative and executive functions crucial to G/O Media's day-to-day operations in New York.  Falkenberg Decl. ¶ 3.  In addition, the development of policies which are crucial to G/O Media's nationwide and international operations occurs largely in and emanates from New York. Falkenberg Decl. ¶ 3.  Accordingly, Defendant is a citizen of Delaware and New York. *Id.*

16.    As of September 19, 2019, when the initial Complaint was filed against G/O Media, G/O Media has not been a citizen or resident of California and complete diversity exists.  Because Plaintiff's First Amended Complaint and Notice of Errata makes it clear that the only defendant in this action is G/O Media, only G/O Media's citizenship should be examined for purposes of diversity jurisdiction.

**B.    The Amount in Controversy Exceeds $75,000**

17.    Although Defendant denies any liability to Plaintiff, the amount in controversy between the parties exceeds the minimum sum of $75,000 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs.  In this lawsuit, Plaintiff

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

**NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO DIVERSITY JURISDICTION UNDER 28 U.S.C. §1441(b)**

is seeking recovery of lost wages and benefits, damages for alleged severe mental and emotional distress, waiting time penalties, punitive damages, and attorneys' fees and costs. *See* First Amended Compl. ¶¶ 66, 67, 74, 75, 80, 81, 82, 87, 88, 94, 97, 98, 100, 101, 103, 104, 109, and Prayer for Relief, ¶¶ (a)-(i), attached hereto as Exhibit B.

18. Plaintiff has not specifically alleged a total amount in controversy in her First Amended Complaint. Plaintiff has, however, made a pre-litigation demand in excess of the $75,000 minimum set forth in 28 U.S.C. § 1332(a). Falkenberg Decl. ¶ 4. This pre-litigation settlement demand can be considered by the court in determining whether the amount in controversy exceeds $75,000. *See Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 816 (7th Cir. 2006) (concluding that evidence regarding settlement offer was admissible to show that amount in controversy requirement for diversity jurisdiction was met). Additionally, when the amount in controversy is not definite from the face of the Complaint (or First Amended Complaint), in order to prevent removal of an action based on diversity jurisdiction, a plaintiff must file a binding stipulation or affidavit with his or her Complaint stating that the amount in controversy does not exceed $75,000. *DeAguilar v. Boeing,* 47 F.3d 1404, 1412 (5th Cir. 1992) (per curium). Plaintiff did not file any such stipulation or affidavit with her Complaint or First Amended Complaint. In any event, it is apparent from the allegations in the Complaint and First Amended Complaint and the damages that Plaintiff seeks that the amount in controversy exceeds $75,000.

19. Plaintiff's damages claims could easily exceed the $75,000 jurisdictional limit. To begin, Plaintiff seeks lost wages. Plaintiff's annual salary when she resigned was $200,000.00, not including additional compensation such as bonuses. Falkenberg Decl. ¶ 6. Based on her annualized salary, and assuming a trial date approximately one-year from the date of filing of the Complaint, Plaintiff's potential lost wages would be at least $200,000.00.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

20.    Plaintiff's non-economic damages claims, including for emotional distress, could also exceed $75,000.00 by themselves.  For example, in *Roby v. Mckesson Corp.*, 47 Cal. 4th 686, 699 (2009), the plaintiff alleged similar causes of action as Plaintiff does here, including claims under California's Fair Employment and Housing Act ("FEHA") and a claim for wrongful termination. The jury awarded the plaintiff $800,000 in non-economic past and future damages for her FEHA discrimination and wrongful termination claims, plus $15 million in punitive damages.  *Id.*; *see also Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002) (denying plaintiff's motion to remand where plaintiff was only employed for four months and noting, notwithstanding plaintiff's short-term employment, "emotional distress damages in a successful employment discrimination case may be substantial.").

21.    Finally, Plaintiff seeks punitive damages.  Punitive damages are a part of the amount in controversy in a civil action where they are recoverable as a matter of law. *See Simmons*, 209 F. Supp. 2d at 1033; *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).  To establish probable punitive damages for the purposes of satisfying the amount in controversy requirement, a defendant may introduce evidence of jury verdicts in cases involving analogous facts. *Simmons*, 209 F. Supp. 2d at 1033.  In the *Roby* case above, the jury awarded over $15 million in punitive damages, which the Court of Appeal reduced to $2 million.  The California Supreme Court subsequently reduced the award to $1,905,000.00 to satisfy federal Constitutional constraints.  *Roby*, 47 Cal. 4th at 720.  Thus, even with that reduction, the punitive damages award far exceeded $75,000.00.  Other wrongful termination in violation of public policy cases alleging violations of the FEHA, like this case, have resulted in substantial awards of punitive damages. *See, e.g., Simmons*, 209 F. Supp. 2d at 1033 (citing punitive damages awards ranging from $60,000 to $40,000,000).  Here, as in *Roby*, Plaintiff has alleged she was discriminated against because of a

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

8

protected characteristic.  Thus, those cases provide evidence that the potential value of Plaintiff's claim for punitive damages meets the jurisdictional threshold by itself, and especially satisfies the jurisdictional threshold when  combined with Plaintiff's claims for economic damages, non-economic damages, and attorneys' fees.

22. Plaintiff also seeks recovery of attorney's fees pursuant to the FEHA. Courts should include in their amount in controversy calculation damages and attorneys' fees that, although not yet accrued, are reasonable to anticipate. Attorneys' fees in FEHA cases can easily exceed $75,000.00. *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1009 (N.D. Cal. 2002); *see also Simmons*, 209 F. Supp. 2d at 1035 (noting that "attorneys' fees in individual discrimination cases often exceed the damages").

23. In sum, the amount in controversy exceeds the minimum sum of $75,000.00 set forth in 28 U.S.C. § 1332(a), exclusive of interest and costs. *See Vasquez v. Arvato Digital Services, LLC*, Case No. CV 11-02836, 2011 WL 2560261 (C.D. Cal. June 27, 2011) (denying plaintiff's motion to remand where plaintiff's lost wages were approximately $25,171 at the time of removal and plaintiff's alleged damages included lost wages, emotional distress damages, attorneys' fees, and punitive damages).

## VI.   VENUE

24. The Superior Court of the State of California for the County of Los Angeles is located within the Central District of California, Western Division. Accordingly, this action is properly removed to this Court. *See* 28 U.S.C. § 84(c)(2).

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

## VII.   NOTICE TO PLAINTIFF AND SUPERIOR COURT

25.   Written Notice of the Removal of this action to the United States District Court for the Central District of California will be filed with the Clerk of the Superior Court for the County of Los Angeles, and sent via First Class U.S. Mail to Plaintiff through her attorney of record.  A true and correct copy of the Notice to Superior Court and to Adverse Party of Removal of Action to Federal Court is attached and incorporated herein as Exhibit G.

**WHEREFORE,** Defendant gives notice that the above action, which was pending in the Superior Court of the State of California, County of Los Angeles, is hereby removed to this Court.


Dated:  November 6, 2019                    COZEN O'CONNOR


By: /s/ Michele Ballard Miller
    Michele Ballard Miller
    Nicole Herter Perkin
    Attorneys for Defendant
    G/O MEDIA, INC.

COZEN O'CONNOR
1299 OCEAN AVENUE, SUITE 900
SANTA MONICA, CA 90401

NOTICE OF REMOVAL OF ACTION FROM STATE COURT PURSUANT TO DIVERSITY
JURISDICTION UNDER 28 U.S.C. §1441(b)