Claire E. Cochran (SBN 222469)
Kimberly A. Cole (SBN 217780)
**LAW OFFICES OF CLAIRE COCHRAN, P.C.**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 580-6019
Email: claire@clairecochranlegal.com
Email: kim@clairecochranlegal.com

Attorneys for Plaintiff
NADINE JARRARD

Michele Ballard Miller (SBN 104198)
 *mbmiller@cozen.com*
Nicole Herter Perkin (SBN 255152)
 *nperkin@cozen.com*
COZEN O'CONNOR
1299 Ocean Avenue, Suite 900
Santa Monica, CA 90401
Telephone: (310) 393-4000
Facsimile:  (310) 394-4700

Attorneys for Defendant
G/O MEDIA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NADINE JARRARD, an individual,<br><br>Plaintiff,<br><br>v.<br><br>G/O MEDIA, INC. a Corporation; and DOES 1-50, inclusive,<br><br>Defendants. | Case No.: 2:19-cv-09557-JAK-RAO<br><br>**JOINT RULE 16(b)/26(f) REPORT**<br><br>**Hearing**:  Under Submission / No Hearing<br><br>**Joint Report Due:**  February 14, 2020 |

1
**Joint Rule 16(B)/26(F) Report – Case No: 2:19-cv-09557-JAK-RAO**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and the Court's Standing Order Setting Rule 16(b)/26(f) Scheduling Conference, Plaintiff Nadine Jarrard ("Plaintiff") and Defendant G/O Media, Inc. ("Defendant") (collectively, the "Parties") by and through their undersigned counsel, jointly submit this Joint Rule 16(b)/26(f) Report as follows:

**A.     Statement of the Case**

   **1.     Plaintiff's Statement**

Plaintiff, Nadine Jarrard ("Jarrard" or "Plaintiff") was a prominent and successful Vice President of Sales for Univision, achieving under difficult circumstances and forging relationships in the media business. It was no secret that Univision was struggling, which gave Plaintiff's success so much more strength and validity. On or about April 8, 2019, the new entity G/O Media was created.[1] With the installation of the new CEO, Jim Spanfeller, came a group of his old white cronies from Playboy and Forbes. One of these cronies is Steve Thompson. Mr. Thompson was not only hired but installed in Plaintiff's exact position and given more than half of her territory. Not only was Plaintiff unceremoniously demoted, but the new regime further diminished her by passing off their administrative work to her, a fellow Vice President.

The fallout at G/O Media has been widely publicized and scrutinized. Despite this intense media scrutiny, Plaintiff's complaints of discrimination were largely ignored. Plaintiff did complain – to her supervisor (who has since been terminated), to Mr. Spanfeller (who did nothing) and to the

---

[1] G/O Media was created on or around April 8, 2019 after Great Hill Partners, a Boston based Private Equity firm acquired Gizmodo Media Group and The Onion and merged these assets. Jim Spanfeller – an equity owner – was appointed as CEO of the newly formed company.

people who were supposed to be acting in a Human Resources capacity (nothing but diminishing of her concerns).

Despite all of this, Plaintiff continued to soldier on, passing on her sales relationships as directed and managing her team. One large issue for Plaintiff and for her team was what the compensation structure would look like after the acquisition. Plaintiff requested this information several times, particularly as she began to lose deals and relationships based upon the serious errors by the new regime. Plaintiff began experiencing severe emotional distress. Her doctor placed her on a medical leave. It was during this time that Mr. Thompson began haranguing her about the new compensation structure. A cursory review of the new plan demonstrates the manner in which Plaintiff was profoundly demoted. In essence, she lost a significant portion of her income as well as her work to the new group, particularly to Mr. Thompson.

Facing the significant demotion and diminishment of duties, as well as the greatly reduced income structure proposed by G/O Media, it was clear that Plaintiff was being constructively terminated. On September 16, 2019, Plaintiff resigned from G/O Media under duress and with significant emotional distress.

**2.    Defendant's Statement Of The Case**

Plaintiff's First Amended Complaint alleges claims for: (1) violation of the Equal Pay Act; (2) gender discrimination; (3) failure to prevent discrimination; (4) constructive discharge; (5) negligent hiring and retention; (6) intentional infliction of emotional distress; (7) negligent infliction of emotional distress; (8) breach of contract; and (9) failure to pay wages upon separation. Defendant denies Plaintiff's allegations in their entirety and denies that Plaintiff is entitled to any relief.

On the contrary, Plaintiff resigned her position as Vice President, West Coast Advertising Sales on September 12, 2019, approximately five months after Defendant acquired Gizmodo Media Group, the company for which Plaintiff worked.  During that short time period, Defendant made a number of management changes that Plaintiff found objectionable, including a decision by Defendant's new CEO to hire Steve Thompson, a seasoned sales executive, to manage advertising sales going forward.  Although Plaintiff's title did not change and her compensation remained the same, Plaintiff viewed this as a demotion.  Plaintiff rebuffed Mr. Thompson's attempts to work with her to increase sales in the West Coast region and instead misconstrued and distorted these actions to be indicative of harassment and discrimination.  Plaintiff also took issue with other management actions that did not involve her, believing that they showed a pattern of discrimination against women.  She ultimately left work on August 22, 2019, claiming constructive discharge.

### B. <u>Subject Matter Jurisdiction</u>

The Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(b) as there is diversity of citizenship between the Parties.  Plaintiff lives in Los Angeles, California. Defendant is a Delaware corporation with its headquarters in New York.  The amount of alleged damages is more than $75,000.

### C. <u>Legal Issues</u>

The Parties agree that the key, disputed legal issues are as follows:

- Whether Defendant violated the Equal Pay Act;
- Whether Defendant discriminated against Plaintiff on the basis of her gender;
- Whether Defendant failed to prevent discrimination against

Plaintiff;

- Whether Plaintiff was constructively terminated;
- Whether Defendant was negligent in its hiring and retention of employees;
- Whether Plaintiff suffered emotional distress as a result of any intentional infliction of harm by Defendant;
- Whether Defendant negligently inflicted Plaintiff with any emotional distress;
- Whether Defendant breached any contract with Plaintiff;
- Whether Defendant failed to pay Plaintiff her wages upon termination;
- Whether Plaintiff is entitled to punitive damages.

### D. Parties and Non-Party Witnesses

The Parties to this action are Plaintiff Jarrard and Defendant G/O Media, Inc. The following individuals are percipient witnesses:

1. Nadine Jarrard, Plaintiff
2. Katie Pontius, Former Chief of Staff
3. Lindsay Eckart, Former Vice President of Strategy
4. Mike McAvoy, Former CEO of The Onion
5. Laura Wagner, Former Deadspin Writer
6. Julie Scott, Former Vice President of Content of The Onion
7. Jim Spanfeller, CEO of Defendant
8. Steve Thompson, Regional VP West, South & Midwest Advertising Sales
9. Bruce Rogers, Senior Vice President Marketing
10. Kelly Leahy, Account Director
11. Kristen Tallon, Senior Account Manager
12. Oona Mayo, Senior Director, Sales

13. Megan Greenwell, Former Editor in Chief, Deadspin
14. Kirsten Dobson, Account Executive
15. Alexzi Girma, Account Executive
16. Christopher S. Gaffney, Managing Partner, Great Hill Partners
17. Angela Persaud, SVP, Head of Talent

E. **Damages**

   **1. Plaintiff's Position**

   Plaintiff was a performing and prominent Vice President of Sales for the entire West Coast until G/O Media cut her territory in more than half and installed an older white male in her same position and gave him her relationships and accounts.  She was diminished from the onset of this relationship which only continued until she was forced to resign.  Because of this and the resulting claims and emotional distress she suffered; she is owed the following damages with more to be proven at the time of trial:

   - Back Pay: Plaintiff is owed back pay from the time that her position was reduced, and her commissions were taken.  An estimate of this amount is $150,000;
   - Loss of Earnings/Benefits based on her prior salary and for a period of two years: $911,588;
   - Attorneys' fees and costs as of the date of filing this Statement: $80,000.
   - Total as of the date of this Joint Report: **$1,141,588**.

   **2. Defendant's Position**

   Defendant denies that Plaintiff is entitled to damages in any amount whatsoever.

F. **Insurance**

   Plaintiff does not have insurance coverage that would cover the damages resulting from Defendant's actions.  Defendant has been

reviewing its coverage options, but at present, does not have any clear understanding as to whether there is, or is not, coverage.

### G.  Motions

The Parties do not anticipate any motions seeking to add other parties or claims, file amended pleadings, or transfer venue.

### H.  Manual for Complex Litigation

The Parties agree that it is not necessary to utilize any part of the procedures of the Manual for Complex Litigation in this matter.

### I.  Status of Discovery

On July 29, 2019, Plaintiff served Defendant with a Notice of Preservation of Evidence letter.  Plaintiff initially propounded discovery, including written discovery requests and notices of depositions, on November 5, 2019 under the state court cause number.  Since removal, Plaintiff and Defendant have been actively negotiating deposition dates for Plaintiff, Defendant's CEO Jim Spanfeller, and Steve Thompson, Regional VP West, South & Midwest Advertising Sales.  Deposition notices have been issued and dates are being settled.

Plaintiff will reissue her written discovery under this case number within the week following the Rule 26(f) conference. Plaintiff's Rule 26 Initial Disclosures were served on February 13, 2020.  In addition, Plaintiff is beginning her production of documents on February 14, 2020, which she will continue on a rolling basis as documents are gathered and prepared.

Defendant has served Plaintiff with a Request for Production of Documents and noticed Plaintiff's deposition for March 9, 2020.  Defendant has done this in accordance with the Court's Standing Order, which provides that discovery is not stayed prior to the Scheduling Conference,

### J.  Discovery Plan

On or about January 15, 2020, counsel for the Parties conferred

telephonically to discuss matters pursuant to Rule 26 of the Federal Rules of Civil Procedure.  In accordance with the requirements of Federal Rule of Civil Procedure 26(f)(3), the Parties submit the following:

**1.    Anticipated Deponents And Dates By Which Depositions To Be Completed:**

The Parties' proposed pre-trial deadlines, including a proposed discovery deadline date and expert discovery, are set forth in the attached Exhibit A.  Below are the likely deponents and the date by which these depositions and the date by which these depositions may be completed:

(a)    Plaintiff (anticipated completion by March 2020, subject to availability by Plaintiff and all counsel)

(b)    Jim Spanfeller (completed before the close of discovery, most likely in May 2020)

(c)    Steve Thompson (completed before the close of discovery, most likely in March 2020)

(d)    Depositions of any treating physicians, as may be disclosed by Plaintiff in the course of discovery

(e)    Depositions of Defendant's employees involved in the investigation of Plaintiff's claims as determined through discovery

(f)    Depositions of persons who participated in the hiring of Steve Thompson and determination of the scope of the West Coast job duties, whose identities will be determined through discovery.

**2.    Anticipated Written Discovery Requests**:

Plaintiff anticipates the following written discovery:

(a)    Requests for Production of Documents;

(b)    Requests for Admissions;

(c)    Interrogatories.

Defendant anticipates the following written discovery, in addition to

what it has already served on Plaintiff:

    (a)    Further Requests for Production of Documents;

    (b)    Requests for Admission; and

    (c)    Interrogatories.

**3.**    **Schedule for Completion of Discovery**

See Exhibit A.

**4.**    **Proposed Changes to Timing of Disclosures Under Rule 26(a)**

The Parties do not propose any change to the timing of initial disclosures under Rule 26(a).

**5.**    **Proposed Changes to Discovery Limitations**

As necessary based on her deposition testimony, Defendant seeks to depose Plaintiff for a total of 10 hours over the course of two days. The parties have agreed to begin the deposition of Plaintiff on March 9, 2020.

**6.**    **Subjects On Which Discovery Will Be Conducted**

Without prejudice to the rights of either party to seek discovery on any relevant issues, the Parties anticipate the following subjects of discovery:

Plaintiff contemplates that she will need and seek discovery concerning: the hiring of Steve Thompson, the reduction of her territory, the policies and procedures implemented in this process, the investigation into Plaintiff's claims, Defendant's defenses to each of Plaintiff's claims, and any and all factual evidentiary and legal support, and any relevant non-party regarding Plaintiff's claims.

Defendant anticipates conducting discovery into Plaintiff's employment and her resignation therefrom, the extent of her alleged damages, and the nature of all of Plaintiff's claims as alleged in the First Amended Complaint, which is the operative complaint.

### 7. Electronic Discovery

Plaintiff and Defendant have met and conferred about the preservation of evidence. The Parties further confirm that they have undertaken steps to preserve evidence relevant to the issues reasonably evident in this action. Plaintiff is committed to cooperating with the production of ESI in the most efficient and least burdensome manner as the nature and scope of such productions becomes better defined.

The Parties do not anticipate any issues relating to the disclosure or discovery of electronically stored information. They agree to address any such issues in the event they arise.

### 8. Procedures for Resolving Disputes Regarding Claims of Privilege

The Parties agree to use the procedures set forth in Federal Rule of Civil Procedure 26(b)(5) regarding any claims of privilege or protecting materials asserted as being for trial-preparation. The Parties request that this proposed procedure be adopted within the Court's further orders.

### 9. Protective Order

Plaintiff and Defendant met and conferred regarding the adoption of a protective order. Both parties agreed to adopt those approved by the courts. Plaintiff circulated a copy of a Stipulated Protective Order to Defendant on February 11, 2020, which Defendant is reviewing so that it can be submitted to the Magistrate Judge.

### K. Discovery Cut-Off

Plaintiff proposes a discovery cut-off of August 3, 2020. Defendant proposes a non-expert discovery cut-off of August 31, 2020.

### L. Expert Discovery

Plaintiff proposes initial expert witness disclosures to be made by August 17, 2020 with a discovery cut-off date of September 14, 2020.

Defendant proposes initial expert witness disclosures to be due September 14, 2020, with rebuttal expert disclosures due by September 28, 2020, and an expert discovery cut-off date of October 19, 2020.

### M.  Dispositive Motions

Plaintiff does not anticipate the need for a summary judgment motion.  Plaintiff proposes a date for the motions in limine on September 14, 2020.

Defendant will be unable to completely assess whether it will bring a motion for summary judgment/adjudication until after the completion of Plaintiff's deposition, but anticipates that it will do so.  At this point in the litigation, it is too early for Defendant to assess whether any issues may be resolved through motions *in limine*, or what would be addressed via *in limine* motions, although Defendant anticipates the need for such motions.

### N.  Settlement

The Parties have engaged in discussions about the possibility of settlement.  Plaintiff is amenable to mediation, including an early mediation. Pursuant to Local Rule 16-15.4, Plaintiff proposes ADR Procedure No. 3 wherein the parties shall participate in private dispute resolution proceeding.  Plaintiff has proposed in writing that the Parties could utilize mediators through JAMS.  Defendant is agreeable to private mediation and will confer with opposing counsel as to the timing of such mediation and selection of a mediator.

### O.  Trial Estimate

The Parties anticipate a five to seven day trial.  Plaintiff has requested a trial by jury.  During the trial, Plaintiff anticipates calling 7 to 10 witnesses.  Defendant anticipates calling 5 to 7 witnesses.

### P.  Trial Counsel

Plaintiff's trial counsel is Claire E. Cochran, who is lead counsel, and

Kimberly A. Cole.  Defendant's trial counsel is Michele Ballard Miller, who is lead trial counsel, and Nicole Herter Perkin.

**Q.     Independent Expert or Master**

The Parties do not anticipate the need to appoint an independent expert or master.

**R.     Timetable**

Please see Attachment A to this Joint Report.

**S.     Other Issues**

The Parties do not anticipate any other issues at this time.

**T.     Patent Cases**

The present case is not a patent case.

**U.     Magistrate Judge**.

Plaintiff will consent to have a magistrate judge conduct all further proceedings.  Defendant does not so consent.

Dated: February 14, 2020         /s/ Claire E. Cochran
                                 Claire E. Cochran
                                 Attorney for Plaintiff.
                                 NADINE JARRARD


                                 COZEN O'CONNOR

Dated: February 14, 2020         /s/ Michele Ballard Miller
                                 Michele E. Miller
                                 Attorneys for Defendant
                                 G/O MEDIA, INC.

**Certification of Compliance With Central District Local Rule 5-4.3.4**

I hereby certify that pursuant to Central District of California Local Rule 5-4.3.4, I have obtained the authorization from the above signatories representing Plaintiff Nadine Jarrard to file the above-referenced document, and that the above signatories concur in the content of this filing. I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

COZEN O'CONNOR

Dated: February 14, 2020    /s/ Michele Ballard Miller
Michele E. Miller
Attorneys for Defendant
G/O MEDIA, INC.